Dear Dr. Landry:
This office is in receipt of your opinion request directed to Attorney General Richard P. Ieyoub. The opinion request has been assigned to me for research and response.
The provisions of the Mental Health Law, LSA-R.S. 28:1, et seq., restrict the involuntary hospitalization of patients to certain "treatment facilities" defined as "any public or private hospital, retreat, institution, mental health center, or facility licensed by the State of Louisiana in which any mentally ill person or person suffering from substance abuse is received or detained as a patient". LSA-R.S. 28:2(28)(a); emphasis added. Patients involuntarily hospitalized by emergency certificate are not allowed to be admitted to public or private nursing homes. LSA-R.S. 28:2(28)(b).
Your inquiry concerns a facility located at 1335 Wooddale Boulevard, Baton Rouge, Louisiana. In your correspondence, you advise the premises at the Wooddale address are known to you as the Heritage House Nursing Home, and that a wing of the nursing home has been converted into a facility admitting patients involuntarily hospitalized. This separate wing on the premises of the nursing home was identified to you as the "Community Psychiatric Unit of Baton Rouge", an off-site unit of the Bogalusa Community Medical Center. You question the legality of this arrangement, in light of the statutory exclusion of nursing homes as appropriate "treatment facilities".
This office is in receipt of a certificate of licensure from the state Department of Health and Hospitals concerning a facility located at 1335 Wooddale Boulevard, Baton Rouge, Louisiana. The license reflects, in pertinent part, that the "Bogalusa Community Medical Center is hereby duly licensed to operate [a] hospital . . . with a licensed capacity of . . . 24 beds at 1335 Wooddale, Baton Rouge, LA 70506." The license further reflects issuance on 9/27/93, and is required to be renewed annually.
We find no statutory prohibition against the operation of a nursing home adjoined to premises which are duly licensed by the state as hospital facilities. It is not the function of this office to question those factual findings of the Department of Health and Hospitals which serve as the basis for licensing certain facilities as hospitals. This office is advised by the Undersecretary of the Department of Health and Hospitals that an adjunct hospital facility of the Bogalusa Community Medical Center is legally in operation at the Wooddale address. Accordingly, this office is of the opinion that a "treatment facility" as defined by statute is located at the Wooddale address; those patients involuntarily hospitalized under emergency certificate may be admitted to those premises, pursuant to state law.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: KERRY L. KILPATRICK Assistant Attorney General
RPI/KLK/Landry
cc: Mr. H. K. Sweeney